# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

___

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | Case No. 21-42581-mar |
| Moose M. Scheib, | ) | Hon. Mark A. Randon |
| | ) | |
| Debtor. | ) | |

___

# CREDITOR FATIMA HASSAN'S MOTION
# FOR 2004 EXAMINATION OF DEBTOR
# AND
# OBJECTION TO DISCHARGE OF DEBTOR UNDER SECTION 523 ET SEQ

___

Natalie C. Qandah (P58434)
Vida Law Group, PLLC
43050 Ford Road, Suite 160
Canton, MI 48187
Telephone: (734) 456-9004
natalie@vidalawpllc.com

*Counsel for Debtor Fatima Hassan*

___

Creditor Fatima Hassan ("Creditor Hassan") timely moves the Court for an Order to Conduct a 2004 Examination of Debtor and to Object to Creditor's discharge pursuant to Section 523 et seq. for the reasons that Debtor has: (i) intentionally misrepresented facts to this Court and to the U.S. Trustee; (ii) refused to produce documents; (iii) under information and belief, committed fraud and misappropriated funds while acting in a fiduciary capacity related to Creditor's property; (iv) caused willful and malicious injury to Creditor Hassan (including her property); (v) procured contracts with Wayne County, Michigan under false pretense for the sole purpose of defrauding homeowners such as Creditor Hassan; (vi) under information and belief, forged Creditor Hassan's signature on documents and filed those documents with various courts to in furtherance of Creditor's unlawful schemes; (vii) under information and belief, engaged in a fraudulent transfer of American Loan Servicing to his relatives in Debtor's effort to avoid creditors; and (viii) otherwise engaged in fraud as pertaining to Creditor Hassan's residential home.

1. Creditors are required to file their objections to Debtor's Chapter 7 discharge no later than June 28, 2021. Creditor Fatima Hassan timely files this objection to Debtor's Chapter 7 discharge and respectfully requests that the Court permit a 2004 examination of the Debtor by this Creditor.

2. Creditor Hassan is a single mother who suffered domestic abuse and experienced extraordinary financial difficulty while facing a $130,000.00

mortgage foreclosure on her home in Dearborn Heights, MI. She is an Iraqi immigrant who does not speak English well.

3. Creditor Hassan was the recipient of an award by a Wayne County, Michigan program over ten years ago to keep single mothers subject to domestic abuse in their homes. The Debtor in this case targeted and solicited Wayne County to serve as a fiduciary of this program. Debtor formed American Loan Servicing, LLC ("ALS"), and received funds from Wayne County in the amount of $130,000.00. Debtor paid off Creditor's mortgage in the amount of $100,000.00 and pocketed the remaining $30,000.00. Pursuant to an extraordinarily poor contract between Debtor and Wayne County, *which Debtor breached and never intended to perform*, title to Creditor's property transferred to Debtor by and through this LLC.

4. Debtor never paid the property taxes on the home, nor made any of the necessary improvements for habitability, or maintenance, in contravention of his agreement with Wayne County and then fraudulently induced and/or forged Creditor's signature on various documents including "lease agreements" with questionable commencement dates, at best. Creditor Hassan never paid "rent".

5. Despite Creditor's understanding that Debtor was to serve as a temporary short-term fiduciary of her property (as confirmed by Wayne County employees who administered the program), Debtor instead absconded for

years and then in 2020, when the housing market was inflated, demanded that he would only transfer her property back to her if she paid him $473,000.00.

6. After Creditor Hassan filed a lawsuit against Debtor, ALS and other defendants in Wayne County Circuit Court bearing Case No. 2020-182490-CB, Debtor then attempted to "evict" Creditor Hassan in the 20th District Court for alleged non-payment of rent. The 20th District Court stayed proceedings pending outcome of the Wayne County Circuit Court matter and refused to order rent, escrow or otherwise, and the court clearly indicated it was suspicious of Debtor/ALS's position. Creditor Hassan has paid exorbitant non-homestead property taxes since Debtor's involvement with her property.

7. Debtor refused at both of his 341 hearings to provide any information as to the members/shareholders of ALS.

8. Debtor refused at both of his 341 hearings to provide any information as to when he transferred his ownership interest (if at all).

9. Debtor refused at both of his 341 hearings to provide any information as to whether he transferred his ownership interest for any consideration.

10. Debtor has maintained in all the various litigation involving Creditor Hassan that he has "sole authority" to bind/act on behalf of ALS. However, Debtor refuses to identify his so-called client or employer. Debtor obfuscates back and forth on whether he is an agent or employee, or the so-called "General

Counsel" of a Michigan entity notwithstanding the fact that he is not licensed to practice law in the State of Michigan.

11. Debtor's behavior during both 341 hearings was evasive, argumentative and obstructive and he refused to produce documents requested by the U.S. Trustee.

12. Creditor Hassan objects to any discharge of the Debtor and requests that this Honorable Court declare that all debt owed to Creditor Hassan by this Debtor be declared non-dischargeable and that Debtor's bankruptcy petition *in its entirety* be declared an abuse of the federal bankruptcy code and be denied.

13. Creditor Hassan requests that this Honorable Court allow her to conduct a 2004 examination of Debtor to collect additional information on the ownership of ALS, whether any such transfer of ownership constitutes a fraudulent conveyance, information on Debtor's petition, and any additional related information.

14. On June 28, 2021, reasonable efforts were made to seek concurrence in the relief requested, or resolution of these issues, from Attorney Dan Stockrahm, one of the many attorneys for Creditor, to no avail.

15. Creditor Fatima reserves the right to amend and/or supplement this timely filed objection and request for examination of Creditor.

Dated: June 28, 2021         Respectfully submitted,

/s. Natalie C. Qandah

NATALIE C. QANDAH (P58434)
VIDA LAW GROUP, PLLC
*Attorney for Creditor Fatima Hassan*
43050 Ford Road, Suite 160
Canton, MI 48187
PH: (734) 456-9004
natalie@vidalawpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, June 28, 2021, I caused the foregoing Motion for 2004 Examination of Debtor and Objection to Discharge of Debtor to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Bankruptcy Court for the Eastern District of Michigan.

/s/ Natalie C. Qandah