UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOOSE M. SCHEIB                                Case No. 21-42581-mar
                                               Chapter 7
                    Debtor.                    Hon. Mark A. Randon
_____/

**RESPONSE TO MOTION TO EXTEND
TIME TO FILE ADVERSARY COMPLAINT**

NOW COMES Moose M. Scheib, (the "Debtor") by and through his Attorneys, OSIPOV

BIGELMAN, P.C. and for his Response to Motion to Extend Time to File Adversary Complaint

states as follows:

1.    Admit.

2.    Neither admit nor deny for lack of knowledge or information upon which to form a belief
      as to the truth of the matter.

3.    Neither admit nor deny for lack of knowledge or information upon which to form a belief
      as to the truth of the matter.

4.    Deny, as untrue.  Debtor filed his petition for relief under Chapter 7 of the Bankruptcy
      Code on March 25, 2021.  The date first set for the meeting of creditors was conducted on
      April 28, 2021, and objections to discharge were due on June 28, 2021. The movant had
      60 days from the date first set for the meeting of creditors to file a complaint to object to
      discharge or to seek a timely extension and did neither.

5.    Deny, as untrue.

6.    Admit that concurrence was sought after the deadline to file a complaint under Fed. R.
      Bankr. P. 4004(a) and 4007(c) had passed and after the time to file a motion to extend time

to file a complaint was had passed under Fed. R. Bankr. P. 4004(b)(1). Movant's request

is defective due to its tardiness and must be denied.

7.     No response required as no allegation was made.

8.     No response required as no allegation was made.

## Brief in Support

Fed. R. Bankr. P. 4004 states in part:

> (a)     [A] complaint objecting to the debtor's discharge under § 727(a) of the Code **shall** be filed no later than 60 days after the first date set for the meeting of creditors….

> (b)     On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion **shall** be filed before the time has expired.

Fed. R. Bankr. P. 4007(c) contains a parallel provision which states:

> A complaint to determine the dischargeability of a debt under §523(c) **shall** be filed no later than 60 days after the first date set for the meeting of creditors. . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion **shall** be filed before the time has expired.

Both Fed. R. Bankr. P.  4004 and Fed. R. Bankr. P. 4007 are included in Fed. R. Bankr. P.

9006(b)(3) which states in part:

> The court may enlarge the time for taking action under Rules … 4004(a) [and] 4007(c) … only to the extent and under the conditions stated in those rules.

When the Bankruptcy Rules were adopted in 1983, Rules 4004 and 4007 were listed among the

rules in Rule 9006(b)(3) that could not be enlarged for excusable neglect, but only by the terms

contained in the rules themselves.  This represented a significant departure from past practice

because the predecessor rule, 906(b), had in fact allowed extensions of time for objecting to discharge based on excusable neglect. See <u>In re Kearney</u>, 105 B.R. 260, 262-64 (Bankr. E.D. Pa. 1989) (discussing history of the rules). By preventing the deadline from being extended for excusable neglect, the drafters sought to promote finality and certainty: "It is clear that by prohibiting that which was formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." <u>Id</u>. at 262 (quoting <u>In re Figueroa</u>, 33 B.R. 298, 300 (Bankr. S.D.N.Y. 1983)). See also <u>Neeley v. Murchison</u>, 815 F.2d 345, 346 (5th Cir. 1987) (court notes that not allowing Rule 4007 to be extended for excusable neglect was a departure from past practice and holds that the rule could not be equitably tolled). Rule 9006(b)(3) provides that a court can only enlarge the time for taking action under Rules 4004(a) and 4007(c) to the extent, and under the conditions, stated in those rules. "Together, these rules prohibit a court from sua sponte extending the time in which to file dischargeability complaints." <u>Themy v. Yu (In re Themy)</u>, 6 F.3d 688, 689 (10th Cir. 1993). "If a complaint is not timely filed, the debt is discharged." Adv. Comm. Notes, Fed. R. Bankr. P. 4007(c).

The statutory law is unambiguous, and the interpretive case law is crystal clear that a motion seeking to extend the time to file an objection to discharge must be done timely. Pursuant to Bankruptcy Rules 4004 and 9006, Bankruptcy Court has no discretion to enlarge time for filing complaint objecting to discharge when motion for extension is filed past deadline. <u>In re Harvey</u>, 69 B.R. 411 (N.D. Ohio 1987). Motion to enlarge time for filing complaint to determine dischargeability of debt or objecting to discharge must be made before time for filing dischargeability complaint has expired; motion must be filed prior to expiration of time limitations set out in Bankruptcy Rules 4004(a) and 4007(a), and Court has no discretion under Bankruptcy

Rule 9006; motion to extend time for filing complaints to determine dischargeability of debt and objecting to discharge is denied where motion was not timely made. <u>In re Lane</u>, 37 B.R. 410 (Bankr. E.D. Va. 1984). Court has no discretion under Bankruptcy Rules 4004(a) and 4007(c) to extend time for filing objections to discharge beyond 60 days unless motion for extension has been made within 60-day period. <u>In re Grant</u>, 45 B.R. 265 (Bankr. D. Me. 1984).

The movant offered no law in support of her motion as none exists. Accordingly, this Court should summarily dismiss this motion with prejudice.

WHEREFORE, the Debtor requests that this motion be dismissed with prejudice and requests reimbursement of its attorney's fees for responding to this baseless motion pursuant to 28 USC 1927, and grant any other relief that this Court deems equitable and just.

Dated: July 2, 2021

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Debtor
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: 248-663-1800/Fax: 248-663-1801
jhb@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

MOOSE M. SCHEIB                         Case No. 21-42581-mar

                                         Chapter 7

                Debtor.                 Hon. Mark A. Randon

_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I served copies as follows:

| | |
|---|---|
| 1. Documents Served: | *Objection To Motion to Extend Time to File Adversary Complaint* |
| 2. Served Upon: | Solomon M. Radner on behalf of Creditor Kelly Renee Jarrett <br> sradner@venjohnsonlaw.com, <br> kmoore@venjohnsonlaw.com;pdoherty@venjohnsonlaw.com;jbrown@venjohnsonlaw.com;mhunter@venjohnsonlaw.com;msinkovich@venjohnsonlaw.com |
| 3. Method of Service: | Electronically through CM/ECF system |

**OSIPOV BIGELMAN, P.C.**

Dated: July 2, 2021                 */s/ Monique Kallabat*      
                                     MONIQUE KALLABAT
                                     Legal Assistant
                                     20700 Civic Center Drive, Suite 420
                                     Southfield, MI 48076
                                     Tel: 248.663.1800/ 248.663.1801
                                     mk@osbig.com