UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOOSE M. SCHEIB                                  Case No. 21-42581-mar
                                                 Chapter 7
                        Debtor.                  Hon. Mark A. Randon
_____/

### EX-PARTE MOTION FOR RECONSIDERATION OF ORDER OF THE COURT GRANTING MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT

**NOW COMES** the Debtor, by and through his counsel, OSIPOV BIGELMAN, P.C., and

for his Motion for Reconsideration of Order of the Court Granting Motion to Extend Time to File

Adversary Complaint, states as follows:

1.      On July 19, 2021, this Court entered Order Granting Creditor's Motion to Extend

Deadline, ECF No. 51.

2.      The Debtor requests that this Court set aside its Order Granting Motion to Extend

Time to File Adversary Complaint and dismiss the Adversary Proceeding that the creditor filed

with prejudice, for the reasons set forth in the attached brief.

**WHEREFORE**, the Trustee requests that this Court grant reconsideration of its Order of

the Court Granting Motion to Extend Time to File Adversary Complaint, set aside its Order of July

19, 2021, and dismiss the Adversary Proceeding[1] that the creditor filed with prejudice.

---

[1] For inexplicable reasons, the creditor filed two identical Adversary Proceedings, AP #21-4167 and AP#21-4168.

Dated: July 29, 2021                    Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

<u>/S/ Jeffrey H. Bigelman</u>
JEFFREY H. BIGELMAN (P61755)
Attorneys for Debtor
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: 248-663-1800/Fax: 248-663-1801
Jhb_ecf@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOOSE M. SCHEIB            Case No. 21-42581-mar
                                  Chapter 7
          Debtor.            Hon. Mark A. Randon
_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF ORDER OF THE COURT**
**GRANTING MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT**

**NOW COMES** the Debtor, by and through his counsel, OSIPOV BIGELMAN, P.C., and

in support of his Motion for Reconsideration of Order of the Court Granting Motion to Extend

Time to File Adversary Complaint states as follows:

**BACKGROUND**

The Debtor filed his bankruptcy petition on March 25, 2021. The creditor Kelly Jarrett

("Jarrett") received notice of the filing immediately thereafter through her counsel, Paul Doherty,

Esq., by receipt of Notice of Chapter 7 Bankruptcy Case (Form 309A). See attached **Exhibit A**.

The notice provided that the last day to object to discharge or to challenge whether certain debts

are dischargeable is June 28, 2021. This gave Jarrett **95 days** to file a complaint under Section

523. Instead, her counsel chose to do nothing.

On June 29, 2021, **after** the discharge deadline had expired, counsel for Jarrett requested

concurrence to extend the discharge deadline[1]. See attached **Exhibit B**. In response, counsel for

the Debtor advised that the discharge deadline had passed. Later that day Jarrett filed a Motion to

Extend Time to File Adversary Complaint, ECF No. 40, which was stricken by the Court, as it was

---

[1] This fact was concealed from the Court in Jarrett's Motion. There was no mention of any flooding in Jarrett's
counsel's request for an extension. In fact, it appeared that counsel for Jarret was unaware of the discharge deadline.

Page **1** of 10

filed improperly. Thereafter, on June 30, 2021, Jarrett filed a subsequent Motion to Extend Time to File Adversary Complaint, ECF No. 42 ("Motion").

The Motion contained nothing except bare allegations. There was no affidavit, or any other evidence offered to support the unsubstantiated claims in the Motion.

The Motion claimed that "Jarret's counsel has otherwise acted diligently in this matter," but it does not articulate *how* they acted diligently, nor is there any evidentiary support of such supposed diligence. In contrast, the indisputable facts show that they failed to take any action for over 95 days and failed to even request an extension to file a discharge complaint until after the deadline had expired. Indeed, Jarrett's counsel's communications with the undersigned suggest that Jarrett missed the deadline not due to the flooding of her counsel's office, but because her counsel had failed to properly attend to the deadlines set pursuant the Federal Rules of Bankruptcy Procedure.

The Motion claims that "on the morning of June 28, 2021, Johnson Law staff, including attorneys, were required to vacate their offices and relocate to temporary offices" but fails to articulate why they were unable to (1) file a discharge complaint prior to the deadline, (2) file a motion to extend time to file adversary complaint, or (3) seek concurrence prior to the expiration of the discharge deadline.

The Motion at issue here was a simple two-page motion with 8 paragraphs. See attached **Exhibit C**, ECF No. 42. This Motion could have been drafted within a few minutes at their "temporary offices" or their homes. The circumstances of the past year have made lawyers quite adept at working outside of a typical office setting. However, Jarrett's counsel offers no explanation why this did not occur.

Jarret's counsel had no less than 4 attorneys and 2 paralegals being noticed on this case by

the Court.   See attached **Exhibit D**.

> sradner@venjohnsonlaw.com,
>
> kmoore@venjohnsonlaw.com;
>
> pdoherty@venjohnsonlaw.com;
>
> jbrown@venjohnsonlaw.com;
>
> mhunter@venjohnsonlaw.com;
>
> msinkovich@venjohnsonlaw.com

No explanation was given why any of these six individuals could not file a timely complaint or a timely motion to extend the discharge deadline.  Even more problematic is the admission that "Johnson Law staff, including attorneys, were required to vacate their offices and relocate to **temporary offices.**"  No explanation was given as to why these six persons working at temporary offices could not timely file a motion or a complaint (or even request an extension) prior to the discharge deadline.

Jarrett's counsel claims that this dislocation prevented the timely filing of a motion or a complaint prior to the discharge deadline.  This is disingenuous.  All Americans have lived through a global pandemic and have learned to work remotely for almost 18 months.  The unsubstantiated claim that it was impossible to timely file a motion to extend or a discharge complaint is specious at best.

Despite the movant's failure to provide the Court with a record from which to make a factual finding or to meet its burden of proof, this Court granted the Motion to Extend Deadline on July 19, 2021, docket #51 ("Order").

## ARGUMENT

**I. The Court lacked a Factual Basis to Grant the Motion.**

The Motion contained nothing except bare allegations. There was no affidavit, or any other evidence offered to support the unsubstantiated claims in the Motion.

This Court had no factual basis to make the findings that (1) Jarrett acted diligently in pursuing her rights, (2) that "Jarrett's one-day delay in seeking an extension was caused by the torrential rains which struck the Detroit area in the days preceding the deadline, damaged the law offices of the firm representing Jarrett, and disrupted virtually all work the firm was engaged in," and (3) that there was no prejudice to the Debtor.

Jarrett bore the burden of persuasion and failed to supplement the record with even the bare minimum of an affidavit or sworn statement. As illustrated above, there are many factual issues requiring a detailed explanation by the movant for her to meet her burden and for this Court to make a finding of fact in her favor. None were provided.

In its Order, the Court cites <u>In re Doyne</u>, 520 B.R. 566, 570 (B.A.P. 6th Cir. 2014). In <u>Doyne</u>, the creditor's counsel filed an extension motion the day after the discharge deadline had passed, claiming that he overlooked the deadline because he had suffered a disabling brain injury. He had been in a serious car wreck, suffering a concussion which caused him to miss approximately 10 weeks of work and spend significant time outside the office. <u>Id</u>., at 568-9.

As in this case, the creditor failed to attach a supporting affidavit[2]. This proved fatal to the relief sought, as the BAP stated that "Appellant did not provide details of its counsel's daily

---

[2] In <u>Doyne</u>, the creditor submitted an "unsworn letter from counsel's doctor stating that counsel had suffered a "significant concussion" and that, as a result, he "has limitations at work and will continue to have these limitations for some time" which was insufficient. **Conversely, in this case Jarrett produced nothing.**

activity during the period leading up to the deadline…these and other questions[3] should have been anticipated and addressed by Appellant who bore the burden of persuasion. Given Appellant's failure to supplement the record with, at a minimum, a sworn statement, the Panel finds it reasonable for the bankruptcy court to have deemed Appellant's assertions insufficient to warrant equitable relief." Id., at 572.

As in Doyne, the creditor in this case failed to make a record which the court could use to make a finding of fact for equitable tolling.

## II. Jarrett did not act diligently.

The Motion claims that "Jarret's counsel has otherwise acted diligently in this matter." There is no support offered by the movant for this conclusory allegation, and certainly no basis for the Court to find that Jarrett did, in fact, act diligently. Counsel for Jarrett sat on their hands for 95 days, did not even request an extension of the discharge deadline until after it had passed, and now seeks to delay the Debtor's discharge due to their own negligence.

The movant provided this Court with nothing to support a finding that she acted diligently.

## III.     There is no basis for Equitable Tolling.

The Court, on the 2nd page of its Order, held that grounds exist for equitable tolling. The Court essentially adopted the movant's language from paragraph 3 of its Motion, which claimed that movant's failure to meet the deadline for filing a complaint was due to excusable neglect. Once again, movant offered no support for this bare allegation and no basis for the Court to make a finding of fact that the movant is entitled to equitable tolling.

## IV. The Debtor is prejudiced by the granting of the motion.

The Debtor is prejudiced, as he is denied or delayed a fresh start. When the Bankruptcy

---

[3] The Doyne Court raised at least five questions that should have been anticipated and addressed by the creditor, who bore the burden of persuasion. Id., at 572.

Rules were adopted in 1983, Rules 4004 and 4007 were listed among the rules in Rule 9006(b)(3) that could not be enlarged for excusable neglect, but only by the terms contained in the rules themselves.  This represented a significant departure from past practice, because the predecessor rule, 906(b), had in fact allowed extensions of time for objecting to discharge based on excusable neglect. See In re Kearney, 105 B.R. 260, 262-64 (Bankr. E.D. Pa. 1989) (discussing history of the rules). By preventing the deadline from being extended for excusable neglect, the drafters sought to promote finality and certainty: "**It is clear that by prohibiting that which was formerly permitted, <u>Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim.</u>**" Id. at 262 (quoting In re Figueroa, 33 B.R. 298, 300 (Bankr. S.D.N.Y. 1983)) (emphasis added). See also Neeley v. Murchison, 815 F.2d 345, 346 (5th Cir. 1987) (court notes that not allowing Rule 4007 to be extended for excusable neglect was a departure from past practice and holds that the rule could not be equitably tolled).

**V. This Court's expansion of equitable tolling is unwarranted.**

The statutory language is clear that a complaint to object to discharge under Section 523 or a motion to extend the time to file a complaint under Section 523 must be filed no later than 60 days after the first date set for the meeting of creditors.

Fed. R. Bankr. P. 4007(c) states:

> A complaint to determine the dischargeability of a debt under §523(c) **shall** be filed no later than 60 days after the first date set for the meeting of creditors. . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion **shall** be filed before the time has expired.

(emphasis added).

Fed. R. Bankr. P. 4007 is included in Fed. R. Bankr. P. 9006(b)(3) which states in part:

> The court may enlarge the time for taking action under Rules … 4004(a) [and] 4007(c) … only to the extent and under the conditions stated in those rules.

In re Isaacman, 26 F3d 629 (6th Cir. 1994) was the first time the 6th Circuit rendered a decision that was inconsistent with the statutory language set forth above. Isaacman used Section 105 of the Bankruptcy Code to sidestep the plain language of Fed. R. Bankr. P. 4007 and 9006. The adage that "hard cases make bad law" is applicable here.

In Isaacman, the bankruptcy court sent out two "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code," with two inconsistent dates to object to discharge. The creditor in Isaacman relied upon the 2nd notice and filed an untimely complaint. The Isaacman Court used its equitable powers under Section 105(a) to accept an untimely filed complaint due to an error created by the Court. This was a very narrow decision where Section 105(a) was used to fix the Court's mistake.

In the present case, this Court heavily relied upon In re Maughan, 340 F3d 337 (6th Cir. 2003), the progeny of Issaacman. The Maughan Court acknowledged that the "Issaacman decision cracked open the door of equity through which the bankruptcy court might accept an untimely complaint" and that its holding was "narrow". Id., at 342-343.

In the Maughan case, the bankruptcy court granted a tardy motion for extension of time to object to discharge because the Debtor refused to comply with a pre-discharge deadline court order to produce documents. The 6th Circuit found that the bankruptcy court did not abuse its discretion by using its equitable power to ensure that the debtor was not permitted "to frustrate the ability of a litigant to comply with applicable law by failing or neglecting to adhere to lawful orders of the Court." Id., at 344. This is also a very narrow holding.

Neither Isaacman nor Maughan allowed for the extension of the F.R.B.P. 4004 and 4007

Page **7** of **10**

deadlines to the neglect of creditor's counsel, excusable or otherwise. This Court's expansion of these narrow holdings is unwarranted. 11 U.S.C. § 105 permits the Court to invoke its equitable powers "to carry out the provisions of this title." Expansion of the Isaacman and Maughan rulings would have the opposite effect. Jarrett did not miss the applicable deadline in this case due to an error of the bankruptcy court or through the malfeasance of the Debtor. Rather, Jarrett sat on her rights for 95 days and then 4 attorneys and 2 paralegals were unable to file a simple two-page motion while working at "temporary offices" or at home.

In the Sixth Circuit, courts have generally applied equitable tolling only "where there is no fault on the part of the creditor and the creditor was misled by the debtor." Blake v. Traster (In re Traster), Adv. No. 13-3009, 2014 Bankr. LEXIS 1299, 2014 WL 1276397, at *6 (Bankr. N.D. Ohio, Mar. 27, 2014); see also Zabivnik v. Hannen (In re Hannen), 383 B.R. 683, 688 (Bankr. N.D. Ohio 2008) (noting that equitable tolling generally applies in cases where "the debtor interfered with the action the creditor needed to take.").

There was no legal or factual basis for equitable tolling in the present case.

## VI. This Court applied the wrong standard.

Maughan discussed a five-factor standard for considering when to apply the doctrine of equitable tolling:

(1) lack of actual notice of filing requirement;

(2) lack of constructive knowledge of filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the defendant; and

(5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

However, as the creditor in Maughan did not claim lack of notice or knowledge the Court stated

that "our inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant". Id., at 344.

Two years after Maughan, the Supreme Court offered a different description of the elements, requiring a plaintiff show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). See also Thomas v. Webb, 2007 U.S. Dist. LEXIS 13381, 2007 WL 628136, at *2 (W.D. Ky. 2007) (recognizing that Pace supersedes Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988), upon which Nardei v. Maughan relied).

This issue was acknowledged in the Doyne case, which the Court relies upon in its Order. See Doyne at 571. Doyne resolved this conflict by stating:

> For the present purposes, however, the analysis is essentially the same whether one looks to In re Maughan or DiGulielmo because Appellant's argument primarily focuses on the factor in the In re Maughan test that overlaps the two factor test of DiGulielmo, the movant's diligence in pursuing his rights. Id., at 571.

The creditor's failure to support its claim of diligence in pursuing its rights with an affidavit or sworn statement was fatal in Doyne. Similarly, in this case, Jarrett's motion only contained bare allegations which, by themselves, are insufficient to support her Motion.

Applying DiGulielmo, the Court can find nothing in the record to suggest that Jarrett pursued her rights diligently, or that some extraordinary circumstance stood in her way. Accordingly, her Motion should have failed.

## **STANDARD OF REVIEW**

Reconsideration motions are governed by Local Bankruptcy Rule 9024-1. Rule 9024-1(a)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either

expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

However, the Court does have discretion to grant reconsideration even in the absence of a palpable defect. *In re Hermoyian*, 435 B.R. 456, 461 (Bankr. E.D. Mich. 2010) (holding that "the rule is equally clear that it does not restrict the discretion of the Court in reconsidering rulings that it has made").

**CONCLUSION**

This Motion for Reconsideration should be granted as Jarrett has not met her evidentiary burden to support a finding that she has acted diligently or that some extraordinary circumstance prevented her from doing so. As in <u>Doyne</u>, Jarrett failed to supplement the record with anything that would have allowed the Court to determine if her assertions warranted equitable relief. Jarrett has offered nothing to support the extension of the narrow <u>Isaacman</u> and <u>Maughan</u> rulings to these facts.

**WHEREFORE**, the Trustee requests that this Court grant reconsideration of its Order of the Court Granting Motion to Extend Time to File Adversary Complaint and set aside its Order of July 19, 2021 and dismiss Jarrett's pending Adversary Proceedings with prejudice.

Dated: July 29, 2021          Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

<u>/S/ Jeffrey H. Bigelman</u>
JEFFREY H. BIGELMAN (P61755)
Attorneys for Debtor
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: 248-663-1800/Fax: 248-663-1801
Jhb_ecf@osbig.com

# Exhibit A

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Moose M. Scheib** | | Social Security number or ITIN | **xxx–xx–3357** |
| | First Name    Middle Name    Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Michigan** | | | |
| Case number: | **21–42581–mar** | | Date case filed for chapter **7** | **3/25/21** |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline     10/20

---

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**The court will dismiss this case without a hearing if the debtor(s) do not timely file all the required documents and if no request for a hearing on dismissal is made within 21 days after the petition is filed. The Clerk will give notice of the hearing on dismissal only to the party requesting the hearing, the debtor and the trustee.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Moose M. Scheib | | |
| 2. | **All other names used in the last 8 years** | aka Mustafa M. Scheib | | |
| 3. | **Address** | 15 Bradford Ct., Unit 27 Dearborn, MI 48126 | | |
| 4. | **Debtor's attorney** Name and address | Jeffrey H. Bigelman Osipov Bigelman, P.C. 20700 Civic Center Drive., Ste. 420 Southfield, MI 48076 | Contact phone: 248–663–1800 | |
| 5. | **Bankruptcy trustee** Name and address | Karen E. Evangelista 410 West University Suite 225 Rochester, MI 48307 | Contact phone: 248–652–7992 | |

**For more information, see page 2 >**

| 6. | Bankruptcy clerk's office | | |
|---|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or register online at https://pacer.uscourts.gov. | **Address of the Bankruptcy Clerk's Office:** 211 West Fort Street Detroit, MI 48226 Contact phone: 313−234−0065 | **For the Court:** Clerk of the Bankruptcy Court: Todd M. Stickle Hours open: 8:30am−4:00pm Monday−Friday Date: 3/25/21 |

| 7. | Meeting of creditors | | |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **BY TELEPHONE:** **April 28, 2021 at 11:00 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Trustee:** Karen E. Evangelista **Call in number:** https://www.kevangelistalaw.com/practice−areas/bankruptcy−trustee/ **Passcode:** |

| 8. | Presumption of abuse | |
|---|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

| 9. | Deadlines | | |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** **You must file a complaint:** • if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or • if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6). **You must file a motion:** • if you assert that the discharge should be denied under § 727(a)(8) or (9). | <mark>Filing deadline: 6/28/21</mark> |

| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
|---|---|---|

**10. Proof of claim**

Please do not file a proof of claim unless you receive a notice to do so.

No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.

**11. Creditors with a foreign address**

If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**12. Exempt property**

The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or register online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9.

# Exhibit B

| | |
|---|---|
| **From:** | Jeff Bigelman |
| **Sent:** | Tuesday, June 29, 2021 12:35 PM |
| **To:** | 'Paul Doherty' |
| **Cc:** | Dean Nelson |
| **Subject:** | RE: Moose Schieb, Case No. 21-42581 |

Paul

You missed the deadline, it was yesterday.

Sincerely,

**OSIPOV BIGELMAN, P.C.**
Jeffrey H. Bigelman, Esq.
20700 Civic Center Drive
Suite 420
Southfield, MI 48076
248.663.1800- Main line
248.663.1801- Facsimile
jhb@osbig.com
www.osbig.com



CONFIDENTIALITY NOTICE:
This email message and any attachments to it, is intended only for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communication through this medium, please so advise the sender immediately.

**From:** Paul Doherty <pdoherty@venjohnsonlaw.com>
**Sent:** Tuesday, June 29, 2021 12:11 PM
**To:** Jeff Bigelman <jhb@osbig.com>
**Cc:** Dean Nelson <dnelson@tauntlaw.com>
**Subject:** Moose Schieb, Case No. 21-42581

Please allow this to serve as our request for concurrence in a motion to extend time to file an adversary complaint.

**PAUL F. DOHERTY**
Attorney and Counselor

Managing Partner - Detroit



JOHNSON LAW, PLC
ATTORNEYS & COUNSELORS

T: 313-324-8300 / F: 313-324-8301
Buhl Building
535 Griswold Street, Suite 2600
Detroit, MI 48226

**VENFIGHTS.COM**

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re<br><br>MOOSE M. SCHEIB,<br><br>    Debtor. | Case No.  21-42581<br>Hon. Mark A. Randon |
| SOLOMON M. RADNER (P73653)<br>PAUL F. DOHERTY (P36579)<br>**JOHNSON LAW, PLC**<br>Attorneys for Creditor Kelly Jarrett<br>535 Griswold Street, Suite 2600<br>Detroit, MI 48226<br>(313) 324-8300<br>sradner@venjohnsonlaw.com<br>pdoherty@venjohnsonlaw.com | |

## MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT

Creditor, Kelly Jarrett, states for her Motion as follows:

1.    This Court set a June 28, 2021 deadline for the filing of a complaint objecting to the discharge of Debtor.

2.    Jarrett is represented by the Johnson Law, PLC, which is located at 535 Griswold, Ste. 2600, Detroit, MI 48226,  known as the Buhl Building. The firm occupies the entire 26th floor.

3.    The offices of Johnson Law, PLC sustained significant water damage as a result of the torrential rains which struck the Detroit area commencing the late hours of June 26 and coming through the early morning hours of June 27.

1

Consequently, on the morning of June 28, 2021, Johnson Law staff, including attorneys, were required to vacate their offices and relocate to temporary offices, while emergency remediation crews addressed the flood damage. The relocation and emergency work significantly disrupted virtually all work the firm was engaged in on June 28.

4.    As a result of this disruption, Johnson Law was not able to timely complete and file the Complaint, attached as Exhibit 1.

5.    Jarrett's counsel has otherwise acted diligently in this matter and in the interest of justice, should be allowed to file her Adversary Complaint after the June 28, 2021 deadline.

6.    Concurrence was sought in the relief requested herein but was not obtained.

7.    Attached as Exhibit 2 is a proposed order.

8.    Attached as Exhibit 3 is the Notice of Opportunity to object.

Wherefore, Jarrett requests that this Court extend the deadline for the filing of her adversary complaint by one day to June 29, 2021.

Respectfully submitted,

**JOHNSON LAW, PLC**

By: */s/ Solomon M. Radner*
**SOLOMON M. RADNER (P73653)**
**PAUL F. DOHERTY (P36579)**
**JOHNSON LAW, PLC**

# Exhibit D

# Jeff Bigelman

| | |
|---|---|
| **From:** | mieb_ecfadmin@mieb.uscourts.gov |
| **Sent:** | Wednesday, June 30, 2021 10:32 AM |
| **To:** | mieb_ecfadmin@mieb.uscourts.gov |
| **Subject:** | 21-42581-mar "Order Striking Document (text)" Ch 7 |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### Eastern District of Michigan

Notice of Electronic Filing

The following transaction was received from Binion, L entered on 6/30/2021 at 10:31 AM EDT and filed on 6/30/2021

| | |
|---|---|
| **Case Name:** | Moose M. Scheib |
| **Case Number:** | 21-42581-mar |
| **Document Number:** | 41 |

**Docket Text:**

Order of the Court to Strike: This pleading is stricken from the record because of the misuse of the generic event (related documents Generic Motion). So Ordered by /s/ Judge Mark A. Randon.(RE: related document(s)[40] Generic Motion filed by Creditor Kelly Renee Jarrett) (Binion, L)

*This Notice of Electronic Filing is the Official ORDER for this entry. No ORDER is attached.*

The following document(s) are associated with this transaction:

**21-42581-mar Notice will be electronically mailed to:**

Jeffrey H. Bigelman on behalf of Debtor Moose M. Scheib
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Karen E. Evangelista
kee1008_tee@sbcglobal.net, MI30@ecfcbis.com;kee@trustesolutions.net

Brandan A. Hallaq on behalf of Creditor Bradford Village Condominium Association
bhallaq@hirzellaw.com

Alexa Lacaria-Sabiry on behalf of Creditor Bradford Village Condominium Association
asabiry@hirzellaw.com

Dean R. Nelson, Jr. on behalf of Trustee Karen E. Evangelista
dnelson@tauntlaw.com, ecarter@tauntlaw.com;mmartin@tauntlaw.com

Natalie Christa Qandah on behalf of Creditor Fatima Hassan
natalie@vidalawpllc.com

Solomon M. Radner on behalf of Creditor Kelly Renee Jarrett
sradner@venjohnsonlaw.com,
kmoore@venjohnsonlaw.com;pdoherty@venjohnsonlaw.com;jbrown@venjohnsonlaw.com;mhunter@venjohnsonlaw.com;msinkovich@venjohnsonlaw.com

**21-42581-mar Notice will not be electronically mailed to:**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOOSE M. SCHEIB                                   Case No. 21-42581-mar
                                                  Chapter 7
                    Debtor.                       Hon. Mark A. Randon
_____/


**[PROPOSED]**
**ORDER SETTING ASIDE ORDER OF THE COURT**
**GRANTING MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT**

**THIS MATTER** having come before the Court pursuant to the Debtor's Motion for
Reconsideration of Order of the Court Granting Motion to Extend Time to File Adversary
Complaint; and the Court being otherwise duly advised in the premises;

**IT IS HEREBY ORDERED** that the Order of the Court Granting Motion to Extend Time
to File Adversary Complaint (ECF No. 51) is set aside;

**IT IS FURTHER ORDERED** that Adv. Proc. Nos. 21-04167 and 21-04168 are dismissed
with prejudice.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MOOSE M. SCHEIB                                      Case No. 21-42581-mar
                                                     Chapter 7
                        Debtor.                      Hon. Mark A. Randon
_____/

## CERTIFICATE OF SERVICE

Re:    Debtor's Ex-Parte Motion for Reconsideration of Order of the Court Granting Motion to
       Extend Time to File Adversary Complaint, Proposed Order, and Certificate of Service.

I hereby certify that on July 29, 2021, I electronically filed the foregoing Paper(s) with the Clerk
of the Court using the ECF system which will send notification of such filing to the office of the
United States Trustee and all those listed by the court as receiving electronic notices in this case
from the court's CM/ECF system.

                                   Respectfully submitted,

                                   OSIPOV BIGELMAN, P.C.

Dated: July 29, 2021               /s/ Monique Kallabat
                                   Monique Kallabat
                                   Legal Assistant
                                   20700 Civic Center Dr. Suite 420
                                   Southfield, MI 48076
                                   Phone: (248) 663-1800 /Fax: (248) 663-1801
                                   Email: mk@osbig.com