UNITED STATES BANKRUPTCY COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

Moose M. Scheib,

    Debtor.                                   Case No. 21-42581-mar
                                                     Hon. Mark A. Randon

**RESPONSE ON BEHALF OF CREDITOR KELLY JARRETT TO EX-PARTE MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT**

    Creditor, KELLY JARRETT, through counsel, JOHNSON LAW, PLC, requests this Court deny Debtor's Motion for Reconsideration for the reasons stated in the attached Brief in Support.

                                                Respectfully submitted,

                                                **JOHNSON LAW, PLC**

                                                By: */s/ Solomon M. Radner*
                                                Solomon M. Radner (P73653)
                                                Paul F. Doherty (P36579)
                                                Buhl Building, Suite 2600
Date: August 18, 2021                 Detroit, MI 48226

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

Moose M. Scheib,

    Debtor.                                 Case No. 21-42581
                                                    Chapter 7
                                                    Hon. Mark A. Randon

**BRIEF IN SUPPORT OF RESPONSE ON BEHALF OF CREDITOR
KELLY JARRETT TO EX-PARTE MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION TO
<u>EXTEND TIME TO FILE ADVERSARY COMPLAINT</u>**

## I.    PROCEDURAL BACKGROUND

The Notice of Chapter 7 Bankruptcy Case set a June 28, 2021 filing deadline to challenge whether the admitted $500,000 debt owed to Ms. Jarrett is dischargeable, as hoped for by Debtor, or not dischargeable because of Debtor's fraud and conversion, as asserted by Ms. Jarrett. On June 29, 2021, Ms. Jarrett filed a motion to extend the deadline by one day, articulating as cause the fact that there was substantial disruption to the operations of her counsel caused by water damage to a large portion of their offices, which was discovered the morning of June 28, 2021. (ECF Doc. 40). This Court granted the extension, allowing Ms. Jarrett until August 2, 2021 to file her adversary complaint, which she has done. Debtor seeks

1

reconsideration of the Order for several reasons, none of which satisfy the standard set out by E.D.Mich. LR 9024-1. Therefore, Debtor's motion should be denied.

## II.  ARGUMENT

### A. THE STANDARD UNDER E. D. MICH. LR 9024-1

E.D.Mich. LR 9024-1(a)(3) requires a showing of "palpable defect by which the court and the parties have been misled" and that "a different disposition of the case must result from a correction thereof." "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp*., 417 B.R. 449, 454 (E.D. Mich. 2009). *See also, In re Parham,* 2017 B.R. LEXIS 2089 (E.D. Mich. 2017). Debtor presents no arguments as to items (2), (3) or (4). Therefore, and cutting through the hyperbole, Debtor claims the Court made "a clear error in law" in its reasoning that "the time limits in Rule 4007(c) are not jurisdictional and the Court has discretion to use its equitable powers under section 105(a) to allow an otherwise untimely complaint. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 341-44 (6th Cir. 2003)." Order Granting Creditor's Motion to Extend Time at 1. (ECF Doc. 51). Given that the Court's Order was consistent with *Nardei*, which remains controlling, there was no "clear error in law" and, therefore, Debtor's motion should be denied.

2

## B. DEBTOR HAS FAILED TO MEET THE RECONSIDERATION STANDARD

Debtor presents several arguments, none of which establish a palpable defect and all of which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. Therefore, Debtor has failed to meet the burden set out by E. D. Mich. LR 9024-1(a)(3) and his motion should be denied.

### 1. There Was a Sufficient Factual Basis to Grant the Motion

Debtor asserts that there was an insufficient factual basis for the one-day extension request. Debtor asserted this argument in his response to Ms. Jarrett's Motion to Extend Time to File Adversary Complaint and, therefore, this does not represent "newly discovered evidence" which is necessary to establish a palpable defect.

Debtor next claims "Jarrett did not act diligently." Jarrett's motion to extend stated that "Jarrett's counsel has otherwise acted diligently in this matter and in the interest of justice, should be allowed to file her Adversary Complaint after the June 28, 2021 deadline." Motion to Extend at 2 (ECF Doc 42). Debtor disputed this; notwithstanding, this issue was raised by Debtor and ruled upon. Thus, this issue does not establish palpable error.

### 2. Prejudice – Equitable Tolling

This Court's Order states "[t]here is no prejudice to Debtor." Order at 2. Debtor takes issue with this asserting "he is denied or delayed a fresh start." He then

3

conflates this claim with what appears to be his main argument that the Court lacked authority to grant the requested extension. This Court relied on *Nardei v. Maughan (In re Maughan)*, *supra* and *In re Doyne,* 520 B.R. 566, 570 (B.A.P. 6th Cir. 2014). While Debtor disagrees with the Court's application of this precedent, Debtor does not establish "a clear error of law" and thus there is no palpable defect. Indeed, the standard in this district is that the time limits contained in § 523(c) are jurisdictional bars, subject to equitable tolling, and not a statute of limitations. To the extent Debtor wishes to challenge this precedent, the proper avenue is an appeal.

Undaunted, (though in no way offering any "newly discovered evidence") Debtor ratchets up his original argument asserting, essentially, that the near complete shut-down of the office of Jarrett's counsel on June 28, 2021 is either fabricated or greatly exaggerated, but in any event "unsupported," and did not provide the Court with a sufficient basis to invoke equitable tolling of one day. However repackaged, these assertions are not "newly discovered evidence," but merely a more vociferous spin on the claims previously made and considered by this Court.

Nevertheless, Debtor complains that counsel made mere "bare allegations" and there was "no affidavit, or any other evidence offered to support the unsubstantiated claims in the Motion." Debtor's Brief in Support of Motion at 2. However, the filing which Debtor now so strongly criticizes was subject to F.R.Bankr.P. 9011 which mandates that counsel's signature on the motion

4

"certified" that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…" Rule 9011(b)(3); *see also,* subpart (e) ("papers filed in a case under the Code need not be verified"). Therefore, the motion was properly supported by counsel's signature.

To the extent the Court *again* analyzes the reason Ms. Jarrett's adversary complaint could not have been filed by the June 28, 2021 deadline, the historic nature of the storms the struck Southeast Michigan cannot be questioned. Substantial portions of the office of Ms. Jarrett's counsel, which occupies the entire top floor of the Buhl Building, were damaged by water intrusion through the roof.[1] When discovered the morning of the 28th, it was not as if the Johnson Law staff could simply go home and work. On the contrary, and as previously noted, all offices in the affected area (representing about one-half of the firm), including the offices of attorneys Radner and Doherty, had to be relocated to temporary offices and virtually all staff participated in the relocation. There was disruption of the firm's network and telephone systems, both of which had to be rerouted to the temporary offices.

---

[1] Johnson Law had approximately eight months before the storm completed a $1.5 million renovation to its offices. The storm and resulting water intrusion caused approximately $900,000 in damage to the recently renovated space. Work to repair the damage continues and affected staff remain in their temporary quarters.

5

21-42581-mar    Doc 65    Filed 08/18/21    Entered 08/18/21 13:50:21    Page 6 of 9

And more fundamentally, Ms. Jarrett had nothing to do with the late filing. Ms. Jarrett, apparently like others, is the victim of Debtor's fraudulent conduct. She *gave* Debtor $500,000 ( a point Debtor does not dispute) to be used in connection with her application to emigrate to the United States under the federal EB-5 visa program. Debtor admits none of the money was used for the intended purpose and Debtor's bank records confirm the systematic conversion of Ms. Jarrett's money. Ms. Jarrett litigated her conversion and fraud claims in the Wayne County Circuit Court for two years and on the eve of the Court likely granting summary disposition on her behalf and against Debtor, Debtor filed the instant petition. Stated otherwise, Debtor has used the subject proceedings to delay the inevitable. Indeed, Debtor's "fresh start" should not include being relieved of the obligation to repay money he stole from Ms. Jarrett or others.

### III. CONCLUSION

For the reasons stated above, Ms. Jarrett requests Debtor's Motion be denied.

Respectfully submitted,<br>
**JOHNSON LAW, PLC**

By: */s/ Solomon M. Radner*<br>
Solomon M. Radner (P73653)<br>
Paul F. Doherty (P36579)<br>
Johnson Law, PLC<br>
Buhl Building, Suite 2600<br>
Detroit, MI 48226

6

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re<br><br>MOOSE M. SCHEIB,<br><br>    Debtor.<br>_____/<br><br>KELLY SILVERA JARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>MOOSE SCHIEB, a/k/a MUSTAPHA SCHIEB a/k/a MUSTAPHA CHEAIB,<br><br>    Defendant. | Case No. 21-42581<br><br>Hon. Mark A. Randon |
| SOLOMON M. RADNER (P73653)<br>PAUL F. DOHERTY (P36579)<br>VEN R. JOHNSON (P39219)<br>**JOHNSON LAW, PLC**<br>Attorneys for Plaintiff<br>535 Griswold Street, Suite 2600<br>Detroit, MI 48226<br>(313) 324-8300<br>sradner@venjohnsonlaw.com<br>pdoherty@venjohnsonlaw.com<br>vjohnson@venjohnsonlaw.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, a true and correct copy of the foregoing Response on Behalf of Creditor Kelly Jarrett to Ex-Parte Motion for Reconsideration of Order Granting Motion to Extend Time to File Adversary Complaint, was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all ECF participants.

Respectfully Submitted,

**JOHNSON LAW, PLC**

By: */s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Paul F. Doherty (P36579)
Ven R. Johnson (P39219)
Attorneys for Plaintiff
535 Griswold St., Ste 2632
Detroit, MI 48226
(313) 324-8300
vjohnson@venjohnsonlaw.com
sradner@venjohnsonlaw.com

Date: August 18, 2021