UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:	Chapter 7

Moose M. Scheib,	Case Number 21-42581

    Debtor.	Hon. Mark A. Randon

_____/

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER EXTENDING THE TIME TO FILE
AN ADVERSARY COMPLAINT**

**I.	INTRODUCTION**

On Friday, June 25 and Saturday, June 26, 2021, the Detroit area experienced torrential rains and flooding of such severity, the President of the United States later signed a major disaster declaration (FEMA-4607-DR-MI).[1] After a hearing, the Court found this weather event caused significant water damage and operational disruption to the Johnson Law, PLC law firm representing Kelly Jarrett, a creditor seeking to challenge the dischargeability of an alleged $500,000.00 debt of Moose M. Scheib ("Debtor").[2]

---

[1] The Court may *sua sponte* take judicial notice of the President's disaster declaration and data in government weather bureau records. FED. R. EVID. 201. *See e.g., Doran v. Contoocook Valley Sch. Dist.*, 616 F. Supp 2d 184, 194 & n. 8 (D.N.H 2009) (taking judicial notice of the temperature on June 7, 2007).

[2] Jarrett's adversary proceeding alleges Debtor defrauded her out of $500,000.00 by promising to help her obtain a Green Card and immigrate to the United States under the USA EB-5 Investment Program. Instead, Jarrett alleges Debtor converted her funds to his personal use.

1

And, finding this extraordinary circumstance justified the application of equitable tolling, the Court granted Jarrett's motion to extend the deadline to file an adversary proceeding, initially filed on June 29, 2021–one day late.[3]

Debtor's motion for reconsideration is pending. Debtor alleges a palpable defect in the Court's order granting the extension. The Court disagrees and **DENIES** Debtor's motion for reconsideration.

## II. ANALYSIS

Local Bankruptcy Rule 9024-1(a)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

A palpable defect is established when the moving party can point to: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Visteon Corp. v. Collins & Aikman Corp. (In re*

---

[3] Under Federal Rule of Bankruptcy Procedure 9006(a)(3) "[t]he court may enlarge the time for taking action under Rule[]. . . 4007(c) . . . only to the extent and under the condition stated in [that] rule[]"). This would ordinarily preclude granting a motion to extend filed after expiration of the deadline. However, as explained in the Court's earlier order, the Sixth Circuit has held that the time limits in Rule 4007(c) are not jurisdictional, and the Court has discretion to use its equitable powers under section 105(a) to allow an otherwise untimely complaint. *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 341-44 (6th Cir. 2003). Jarrett's first motion to extend filed on June 29, 2021 (Dkt. No. 40) was stricken because Jarrett's counsel used an incorrect event code; it was properly re-filed on June 30, 2021 (Dkt. No. 42).

*Collins & Aikman Corp.)*, 417 B.R. 449, 454 (E.D. Mich. 2009) (quoting *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006)).

Attorney Solomon Radner of Johnson Law, PLC submitted and signed Jarrett's motion to extend. Attorney Radner wrote that because of the flooding, the offices of Johnson Law, PLC:

> sustained significant water damage . . . and Johnson Law staff, including attorneys, were required to vacate their offices and relocate to temporary offices, while emergency remediation crews addressed the flood damage. The relocation and emergency work significantly disrupted virtually all work the firm was engaged in on June 28. . . . As a result, Johnson Law was not able to timely complete and file the Complaint, attached as Exhibit 1.

(Dkt. No. 42).

The Court accepted Attorney Radner's representations in the motion to extend and on the record, which were corroborated by the existence of the severe storm and flooding, of which the Court took judicial notice. The Court disagrees with Debtor that, under the circumstances, a more substantive showing or affidavit was necessary. *In re Doyne*, 520 B.R. 566, 571 (6th Cir. BAP 2014) ("Through his initial motion, statements of counsel at hearing and supplemental memorandum in support of the extension motion, Appellant had the opportunity to place before the bankruptcy court the circumstances of Appellant's failure to meet the deadline in question."). Moreover, an "Act of God" may excuse the untimely filing of an otherwise meritorious motion. *Carlisle v. United States*, 517 U.S. 416, 436 (1996) (Ginsburg, J. concurring).

3

21-42581-mar    Doc 68    Filed 09/03/21    Entered 09/03/21 12:37:34    Page 3 of 4

Debtor also says the Court failed to make a sufficient finding on the issue of Jarrett's diligence in pursuing her rights. But that argument is belied by Debtor's confirmation that Jarrett's counsel sought an extension of the deadline–on June 29, 2021–just one day after having to relocate offices because of the flood damage. After Debtor's counsel refused to agree to extend the deadline, Jarrett's lawyer filed the motion to extend the same day. This is sufficient evidence of Jarrett's reasonable diligence.[4]

"The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Such is the case here. Jarrett met her burden of demonstrating that the doctrine of equitable tolling should apply to her case. The Court finds no palpable error in its July 19, 2021, opinion and **DENIES** Debtor's motion for reconsideration.

**IT IS ORDERED**.

**Signed on September 3, 2021**



/s/ Mark A. Randon

Mark A. Randon
United States Bankruptcy Judge

---

[4] Evidence of diligence during and after the extraordinary circumstance–*not before*–is what's relevant here. Of course, Jarrett's counsel could have, and probably should have filed the adversary proceeding long before the eve of the deadline. However, but for the flooding, the adversary proceeding could have been filed on time, and Jarrett acted diligently in pursuing her rights–filing the motion to extend just one day after relocating offices. *See e.g., Jefferson v. Haza Foods*, Case No. 3:17-CV-00359, 2018 WL 5268756, at **4-6 (S.D. Tex. Oct. 5, 2018) (discussing Plaintiff's due diligence *during and after* the hurricane that prevented her from timely filing her discrimination claim, which the court found should be subject to equitable tolling).