# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Moose M. Scheib,                      Case No. 21-42581
                                           Chapter 7
                                           Honorable Mark A. Randon

      Debtor.

_____/

## CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF DOCUMENTS

Karen Evangelista, Chapter 7 Trustee ("Trustee"), through her attorneys, the Taunt Law Firm, and for her Motion for Turnover of Documents (the "Motion"), states as follows:

1. On March 25, 2021, Moose M. Schieb (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy code.

2. Karen Evangelista ("Trustee") is the duly appointed Chapter 7 Trustee in this case.

3. As early as the §341 meeting of creditors (April 28, 2021), the Trustee requested documents in this case, including but not limited to some of the documents requested to be turned over in this Motion.

4. After the §341 meeting of creditors, counsel for the Trustee sent written requests for information. The Debtor produced some, but not all of the requested information.

5. The documents requested by the Trustee all relate to property of the estate, property of the Debtor, or the financial affairs of the Debtor.

6. The documents requested by the Trustee and which remain outstanding are as follows (collectively, the "Documents"):

> A. All documents accounting of use of approximately $500,000 of proceeds from Kelly Jarrett including all bank statements where the funds were deposited (from point of deposit until funds are depleted), bank statements where funds were transferred (from point of transfer until funds depleted), withdrawal slips, copies of cashier/certified checks purchased, copies of checks written, and any other document to account for use of funds.
> B. All documents accounting of use of proceeds from sale of 11 Bradford Court, Dearborn, MI, including all bank statements where funds were deposited (from point of deposit until funds depleted), bank statements where funds were transferred (from point of transfer until funds depleted), withdrawal slips, copies of cashier/certified checks purchased, copies of checks written, and any other document to account for use of funds.
> C. All documents establishing the existence of any loans (promissory notes and evidence of loan funding) related to the more than $89,000 of funds paid to Hassan Scheib and Own It realty from the sale of 11 Bradford Court
> D. All documents evidencing, effectuating, related to, or otherwise establishing, the disposition of the Debtor's membership interest in American Loan Servicing, LLC.
> E. Deposit Account Statements, for the period of 1/1/2019, for any account in which: 1) Debtor owned the account, in whole or in part, 2) Debtor controlled the account (in whole or jointly with anyone else) and paid personal expenses from such account, or 3) funds belonging to the Debtor, or funds in which the Debtor had an interest, were deposited.

7. Excluded from the requested Documents are the following account statements, which have already been produced:

    A. CBIG CCS, LLC Account #0602# for the time periods of:
        a. 1/1/17-12/29/17, and
        b. 1/1/19-2/28/19
    B. Cedar Bey International Group, LLC, Acct #9183 for the periods of:
        a. 1/1/17-12/29/17
        b. and 1/1/19-1/31/19

8. Despite being requested by the Trustee, the Debtor has failed or otherwise refused to turnover the above-referenced documents to the Trustee, thereby necessitating the filing of this Motion.

9. The Debtor has an obligation and a duty to cooperate with the Trustee and to turnover recorded information regarding the Debtor's financial condition to the Trustee. 11 U.S.C. §§ 521(a)(3), 521(a)(3), and 541.

10. Accordingly, pursuant to 11 U.S.C. §521 and §542, the Trustee asks that this Court compel the turnover of the Documents from the Debtor.

11. The Documents requested are narrow in scope, tailored to the facts of this case (not over generalized requests for production), and are proportional to the needs of this case.

12. Pursuant to the exception present within Bankruptcy Rule 7001, an adversary proceeding is not necessary when the relief requested is to compel the Debtor to deliver documents to the Trustee.

**WHEREFORE,** the Trustee respectfully requests that this Court enter the Order attached hereto as Exhibit 1.

                                                **THE TAUNT LAW FIRM**

Dated: November 30, 2021

/s/ Dean R. Nelson, Jr.
Dean R. Nelson, Jr. (P70818)
Attorney for Trustee
700 E. Maple Rd., Second Floor
Birmingham, MI 48009
(248) 644-7800
dnelson@tauntlaw.com

# Exhibit 1 – Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Moose M. Scheib,                          Case No. 21-42581
                                                   Chapter 7
                                                   Honorable Mark A. Randon

       Debtor.
_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF DOCUMENTS

THIS MATTER having come before the court upon the Chapter 7 Trustee's Motion for Turnover of Documents (the "Motion"); the Debtor was served with notice of the Motion; no objections to the Motion having been filed; the Court having reviewed the Motion and finding just cause to enter this Order:

IT IS ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that, pursuant to 11 U.S.C. §521 and §542, Debtor Moose M. Scheib (the "Debtor") must turnover to the Trustee the following documents within fourteen (14) days after entry of this Order (collectively, the "Documents"):

       A. All documents accounting of use of approximately $500,000 of proceeds from Kelly Jarrett including all bank statements where the funds were deposited (from point of deposit until funds are depleted), bank statements where funds were transferred (from point of transfer until funds depleted), withdrawal slips, copies of

cashier/certified checks purchased, copies of checks written, and any other document to account for use of funds.
B. All documents accounting of use of proceeds from sale of 11 Bradford Court, Dearborn, MI, including all bank statements where funds were deposited (from point of deposit until funds depleted), bank statements where funds were transferred (from point of transfer until funds depleted), withdrawal slips, copies of cashier/certified checks purchased, copies of checks written, and any other document to account for use of funds.
C. All documents establishing the existence of any loans (promissory notes and evidence of loan funding) related to the more than $89,000 of funds paid to Hassan Scheib and Own It realty from the sale of 11 Bradford Court
D. All documents evidencing, effectuating, related to, or otherwise establishing, the disposition of the Debtor's membership interest in American Loan Servicing, LLC.
E. Deposit Account Statements, for the period of 1/1/2019, for any account in which: 1) Debtor owned the account, in whole or in part, 2) Debtor controlled the account (in whole or jointly with anyone else) and paid personal expenses from such account, or 3) funds belonging to the Debtor, or funds in which the Debtor had an interest, were deposited.

IT IS FURTHER ORDERED that, excluded from the definition of Documents are the following account statements, which have already been produced to the Trustee:

A. CBIG CCS, LLC Account #0602# for the time periods of:
    a. 1/1/17-12/29/17, and
    b. 1/1/19-2/28/19
B. Cedar Bey International Group, LLC, Acct #9183 for the periods of:
    a. 1/1/17-12/29/17
    b. and 1/1/19-1/31/19

IT IS FURTHER ORDERED that the Documents must be delivered to the Trustee's counsel, Dean Nelson, at 700 East Maple Road, Second Floor, Birmingham, MI 48009 or via email at dnelson@tauntlaw.com.

**IT IS SO ORDERED**.

## Exhibit 2 - Notice

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Moose M. Scheib,                         Case No. 21-42581
                                           Chapter 7
                                           Honorable Mark A. Randon

       Debtor.
_____/

## NOTICE OF REQUIREMENT OF WRITTEN RESPONSE
## FOR MOTION FOR TURNOVER OF DOCUMENTS

      Karen Evangelista, Chapter 7 Trustee has filed papers with the court seeking the turnover by the Debtor of certain documents.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

      If you do not want the court to grant the requested relief, or if you would like the court to consider your views on this motion, within fourteen (14) days you or your attorney must:

a. File with the Court a written response or an answer, explaining your position at: **United States Bankruptcy Court, 211 W. Fort Street, Attn: Clerk of the Court, Detroit, MI 48226**. If you mail a response to the Court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

      You must also mail a copy to:     Dean Nelson
                                                    The Taunt Law Firm
                                                    700 East Maple Road, 2nd Floor
                                                    Birmingham, MI 48009-6359

b. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

                                                  **THE TAUNT LAW FIRM**

Dated: November 30, 2021              <u>/s/ Dean R. Nelson, Jr.</u>
                                                  Dean R. Nelson, Jr. (P70818)
                                                  Attorney for Trustee
                                                  700 E. Maple Rd., Second Floor
                                                  Birmingham, MI 48009
                                                  (248) 644-7800
                                                  dnelson@tauntlaw.com

## **Exhibit 3 – Certificate of Service**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Moose M. Scheib,   Case No. 21-42581
  Chapter 7
  Honorable Mark A. Randon

     Debtor.
_____/

## CERTIFICATE OF SERVICE

I certify that on November 30, 2021, I electronically filed the **Chapter 7 Trustee's Motion for Turnover of Documents**, **Notice of the Motion**, and this **Certificate of Service** via the Court's ECF system:

- Jeffrey H. Bigelman    jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com
- Karen E. Evangelista    kee1008_tee@sbcglobal.net, MI30@ecfcbis.com;kee@trustesolutions.net
- Brandan A. Hallaq    bhallaq@hirzellaw.com
- Brittany Jones    jonesb50@michigan.gov
- Alexa Lacaria-Sabiry    asabiry@hirzellaw.com
- Thomas Eugene McDonald    thomas.mcdonald@brockandscott.com, wbecf@brockandscott.com;mibkr@brockandscott.com
- Dean R. Nelson    dnelson@tauntlaw.com, ecarter@tauntlaw.com;mmartin@tauntlaw.com
- Natalie Christa Qandah    natalie@vidalawpllc.com
- Solomon M. Radner    sradner@venjohnsonlaw.com, kmoore@venjohnsonlaw.com;pdoherty@venjohnsonlaw.com;jbrown@venjohnsonlaw.com;mhunter@venjohnsonlaw.com;msinkovich@venjohnsonlaw.com

I further certify that on November 30, 2021, I served, by United States First Class Mail, the **Chapter 7 Trustee's Motion for Turnover of Documents, Notice of the Motion** and this **Certificate of Service** to the following:

Moose M. Scheib
15 Bradford Ct., Unit 27
Dearborn, MI 48126

|  | **THE TAUNT LAW FIRM** |
|---|---|
|  | By: /s/ Margaret A. Martin |
|  | The Taunt Law Firm |
|  | Attorney for Trustee |
|  | 700 East Maple Road, Second Floor |
| Dated: November 30, 2021 | Birmingham, MI 48009 |