**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

---

IN THE MATTER OF:

Moose M. Scheib,                          Chapter 7
a/k/a Mustafa M. Scheib,              Case No. 21-42581-mar
                                                 Hon. Mark A. Randon

        Debtor.

---

### BRADFORD VILLAGE CONDOMINIUM ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ENTRY OF ORDER WAIVING PROVISIONS OF FRBP 4001(A)(3)

**NOW COMES** Bradford Village Condominium Association, by and through its attorneys, **Hirzel Law, PLC**, and pursuant to 11 U.S.C. § 362, F.R.B.P. 4001, F.R.B.P. 9014, L.B.R. 4001-1 (E.D.M.), and L.B.R. 9014-1 (E.D.M.), hereby moves for relief from the automatic stay seeking permission to commence foreclosure proceedings, against the Debtor, Moose M. Scheib ("Debtor"), and moves this Honorable Court as follows:

      **1.**      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

      **2.**      Debtor is the owner of real property located at 15 Bradford Court, Unit 27, Dearborn, MI 48126 (the "Property") (**Ex. 6-A**).

      **3.**      Debtor obtained title to the Property via a Warranty Deed executed on September 29, 2006 (**Ex. 6-A**).

      **4.**      Movant, Bradford Village Condominium Association (the "Association"), is a secured lien-holder of a condominium association lien for nonpayment of assessments recorded against the Property on January 2, 2018 (the "Association Lien") (**Ex. 6-B**).

5. The Property is legally described as Unit 27 within the Bradford Village Condominium (**Ex. 6-A**), according to the Master Deed recorded in Liber 29760, Pages 3739 to 3797, Wayne County Records (the "Condominium Project) (**Ex. 6-C**).

6. Pursuant to the Condominium Bylaws, attached as part of the Master Deed of the Condominium Project, which the Debtor and the Property are subject to, the Debtor is required to remit monthly payments to the Association for maintenance assessments, which are currently in the amount of $300.00 per month (**Ex. 6-C**).

7. The Association Lien was recorded as a result of Debtor's pre-petition failure to make timely payment of assessments owed to the Association under the Master Deed (**Ex. 6-B**).

8. On March 25, 2021, Debtor filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code.

9. 11 U.S.C. § 362(d) provides, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

10. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from stay for cause, including lack of adequate protection of such party in interest.

11. Debtor's account with the Association has been in default since September 1, 2017.

12. The Association has not received any payment from Debtor since January 17, 2018.

13. The Association is not adequately protected as the direct payments are not being remitted and the current balance owed on the Debtor's account with the Association is approximately $28,241.57 as of July 28, 2022.

14. Pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtor does not have any equity in the property and the property is not necessary to an effective reorganization.

15. The approximate market value of the subject property is $235,000.00, according to Debtor's Certificate of Amendment to Schedule D filed on April 22, 2021 (**Ex. 6-D**).

16. As of January 3, 2022, the total debt owing to the first mortgagee lien-holder on the Property, Specialized Loan Servicing, LLC, was approximately 190,658.18 (**Ex. 6-E**).

17. That to the knowledge and belief of the Association, LVNV Funding LLC may have an additional $36,810.76 interest in the Property pursuant to a Notice of Levy on Real Estate (**Ex. 6-F**).

18. The Debtor's Certificate of Amendment to Schedule D filed on April 22, 2021 also reflects that LVNV Funding LLC may have a $36,810.76 claim on the Property (**Ex. 6-D**).

19. No other creditor will receive any benefit from the sale of the Property other than the first mortgage lien-holder on the Property (Specialized Loan Servicing, LLC), the Association, and potentially LVNV Funding LLC.

20. Accordingly, the Debtor does not have any equity in the Property and the Property is not necessary to an effective reorganization.

21. The first mortgage lien-holder on the Property, Specialized Loan Servicing, LLC obtained relief from the automatic stay from this Court on February 22, 2022 (**Ex. 6-G**).

**22.** As of the date of filing of this Motion, the Association is not aware of any active foreclosure proceedings that are currently pending on behalf of Specialized Loan Servicing, LLC.

**23.** The Association requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Association to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the Property.

**24.** That in the event the automatic stay is terminated to allow the Association to commence its federal and/or state law rights as to the Property, and the Association deems the Property is physically abandoned by the Debtor, or by consent of the Debtor, the Association may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor should the Association seek to shorten the redemption period.

**25.** The Association further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, deed in lieu of foreclosure/short sale, or other loss mitigation solution. The Association may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**26.** Pursuant to Local Bankruptcy Rule 9014-1(c)(1), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as "**Exhibit 1**" (**Ex. 1**).

**27.** That in the event a hearing on this Motion is held and after said hearing the Court orders submission of an order in substantial compliance with "**Exhibit 1**", presentment of said order shall be waived (**Ex. 1**).

**28.** The required form Notice of Motion and Opportunity to Object is attached hereto as **Exhibit 2**.

**29.** The Brief in Support of the Association's Motion for Relief From Stay is attached hereto as **Exhibit 3**.

**30.** The Certificate of Service of the Association's Motion for Relief From Stay is attached hereto as **Exhibit 4**.

**31.** There are no accompanying Affidavits attached to the Association's Motion for Relief From Stay as **Exhibit 5**.

**32.** Concurrence from Debtor was sought by the Association on July 21, 2022, however no response was received.

**WHEREFORE**, the Association respectfully requests that this Honorable Court enter the attached ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) (**Ex. 1**) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully submitted,

*/s/ Brandan A. Hallaq*
Brandan A. Hallaq (P81056)
**HIRZEL LAW, PLC**
*Attorneys for Bradford Village Condominium Association*
37085 Grand River Avenue, Suite 200
Farmington, MI 48335
(248) 478-1800
bhallaq@hirzellaw.com

Dated: August 1, 2022